IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil No. 4:16-cv-00218-D

| | |
|---|---|
| WILLIAM BRANDON MEADOWS,<br>Plaintiff,<br>v.<br>LENDMARK FINANCIAL SERVICES, LLC,<br>TRANS UNION LLC,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>Defendants. | **STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order is issued to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

1.  William Brandon Meadows ("Plaintiff") filed this lawsuit (the "Litigation") against Defendants Lendmark Financial Services, LLC, Trans Union LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. (collectively referred to as "Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information, and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff. Plaintiff and Defendants maybe collectively referred to herein as "the Parties" or individually as a "Party." As a means of avoiding continued

1

dispute with respect to any Parties' requests for confidential information, the Parties have agreed to produce certain confidential information pursuant to the terms of this Order.

2. Any Party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated "Confidential."

3. The Parties shall have the right to designate as "Confidential" any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as "Confidential" shall constitute confidential information under this Order, both in form and substance.

4. Deposition testimony can be designated by the Parties as "Confidential." Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as "Confidential" by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as "Confidential."

5. Information designated for confidential treatment provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall

2

such information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

6. The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with "Confidential" information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (f) present or former employees of the producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in

connection with this litigation.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(e)-(g) unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

9. Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, E.D.N.C., with notice served upon the producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests

4

advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

10. In the event that any Party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. In seeking intervention by the Court, the Party objecting to the designation shall bear the initial burden of demonstrating that the information is not entitled to protection under this Order or other applicable law. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Order.

11. The producing Party's inadvertent production of any documents, transcripts, or other materials without confidential treatment shall not be deemed a waiver of the producing Party's claim of confidentiality as to that material. If the producing Party wishes to afford confidentiality treatment to any material after production, the producing Party shall notify the receiving party that the material is designated as "Confidential." If the receiving Party disagrees with the designation, the receiving Party may follow the dispute resolution procedures in paragraph 10 above.

12. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any confidential information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of confidential information at trial shall be subject to a further order of the Court.

13. Nothing herein shall be construed as limiting a Party's use of its own confidential information and such use shall not constitute a waiver of the terms of this Order or the status of such information as confidential information. Any of the Parties can remove their "Confidential" designation from any information it has previously so designated.

14. The Parties cannot use or disclose any confidential information in any pretrial court proceeding that is open to persons not authorized to have access to such confidential information under the terms of this Order. This provision does not limit the right of any of the Parties to file any confidential information under seal as described above or submit any Confidential Information in camera to the Court.

15. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

16. Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel, or destroy, the original and any copies of any confidential information produced.

17. The ultimate disposition of confidential information on the completion of litigation shall be subject to a final order of the Court.

SO ORDERED.

SIGNED this __15__ day of December, 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

**AGREED:**

/s/ Asa Covington Edwards, IV
**EDWARD H. MAGINNIS**
N.C. Bar No. 39317
**ASA COVINGTON EDWARDS, IV**
N.C. Bar No. 46000
**MAGINNIS LAW, PLLC**
4801 Glenwood Ave, Suite 310
Raleigh, NC 27612
Telephone: (919) 526-0450
Facsimile: (919) 882-8763
emiginnis@maginnislaw.com
aedwards@maginnislaw.com
**Counsel for Plaintiff**


/s/ Richard Abbitt Prosser
**JAMES S. LIVERMON, III**
N.C. Bar No. 26492
**POYNER & SPRUILL LLP**
P.O. Box 353
130 S. Franklin St.
Rocky Mount, NC 27802-0353
Telephone: (252) 972-7091
Facsimile: (252) 972-7045
jlivermon@poynerspruill.com
  and
**RICHARD ABBITT PROSSER**
N.C. Bar No. 38443
**POYNER SPRUILL LLP**
P. O. Box 1801
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801
Telephone: (919) 783-2983
Facsimile: (919) 783-1075
rprosser@poynerspruill.com
**Counsel for Lendmark Financial Services, LLC**

/s/ Paul L. Myers
**JOSEPH W. WILLIFORD**
N.C. Bar No. 10111
**KELLY STREET BROWN**
N.C. Bar No. 37829
**YOUNG MOORE & HENDERSON, P.A.**
Post Office Box 31627
Raleigh, North Carolina 27622
Telephone: (919) 861-5032
Facsimile: (919) 782-6753
jww@youngmoorelaw.com
ksb@youngmoorelaw.com
**Local Civil Rule 83.1 Counsel for Defendant TransUnion LLC**
and
**PAUL L. MYERS**
TX Bar No. 14765100
**STRASBURGER & PRICE, LLP**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3903
Facsimile: (469) 227-6567
paul.myers@strasburger.com
**Counsel for Defendant Trans Union LLC**

/s/ Meredith C. Kincaid
**NORA F. SULLIVAN**
N.C. Bar No. 43284
**ELLIS & WINTERS, LLP**
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7033
Facsimile: (919) 865-7010
nora.warren@elliswinters.com
**Local Civil Rule 83.1 Counsel for Defendant Experian Information Solutions, Inc.**
and
**MEREDITH C. KINCAID**

8

G.A. Bar No. 148549
**JONES DAY**
1420 Peachtree Street N.E., Suite 800
Atlanta, GA 30309
Telephone: (404) 581-8043
Facsimile: (404) 581-8330
mkincaid@jonesday.com

**Counsel for Experian Information Solutions, Inc.**

## EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *William Brandon Meadows v. Lendmark Financial Services, LLC, et al.,* Civil Action No. 4:16-cv-00218-D, which is currently pending in the United States District Court for the Eastern District of North Carolina, Eastern Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Eastern Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____  Signed: _____

                                Printed: _____